**Brian B. KEWO; Fransiscus Xaverius Boyke Kewo, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73877.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Fransiscus Xaverius Boyke Kewo and his son Brian B. Kewo, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

▇ We lack jurisdiction to review the discretionary decision that petitioners' asylum applications were untimely. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002) (citing 8 U.S.C. § 1158(a)(3)).

▇ We have jurisdiction under 8 U.S.C. § 1252, to review the BIA's dismissal of petitioners' remaining claims. Substantial evidence supports the BIA's findings that petitioners failed to demonstrate that it is more likely than not that they would be subject to persecution if returned to Indonesia, as required to qualify for withholding of removal. *See Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). In addition, petitioners are not entitled to CAT relief because they failed to demonstrate that it is more likely than not that they would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Petitioners' contention that their due process rights were violated because the BIA summarily affirmed the IJ's decision

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

is factually inaccurate because the BIA affirmed and adopted the IJ's decision and added its own reasoning.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**